UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NICOLE BEAUSOLEIL, Personal
Representative of the Estate of Madisyn
Baldwin, Deceased,

       Plaintiff,

v

OXFORD COMMUNITY SCHOOLS,
TIMOTHY THRONE, STEVEN WOLF,
NICHOLAS EJAK and SHAWN HOPKINS,

       Defendants.
_____/

Hon. Mark A. Goldsmith
Magistrate David R. Grand
No. 22-11250

| | |
|---|---|
| Wolfgang Mueller (P43728) | Timothy J. Mullins (P28021) |
| Mueller Law Firm | Kenneth B. Chapie (P66148) |
| *Attorney for Plaintiff* | John L. Miller (P71913) |
| 41850 W. 11 Mile Road, Suite 101 | Annabel F. Shea (P83750) |
| Novi, MI  48375 | Giarmarco, Mullins & Horton, P.C. |
| (248)489-9653 | *Attorneys for Defendants* |
| wolf@wolfmuellerlaw.com | 101 W. Big Beaver Road, 10th Floor |
| | Troy, MI 48084-5280 |
| | (248) 457-7020 |
| | tmullins@gmhlaw.com |
| | kchapie@gmhlaw.com |
| | jmiller@gmhlaw.com |
| | ashea@gmhlaw.com |

## **ANSWER**

Defendants, OXFORD COMMUNITY SCHOOLS, TIMOTHY THRONE, STEVEN WOLF, NICHOLAS EJAK and SHAWN HOPKINS, by and through their

attorneys, GIARMARCO, MULLINS & HORTON, P.C., state their answer to Plaintiff's Complaint as follows:

1. In answer to paragraph 1, Defendants neither admit nor deny the allegations contained therein for lack of knowledge upon which to form a belief and, therefore, leave Plaintiff to her proofs.

2. In answer to paragraph 2, Defendants neither admit nor deny the allegations contained therein for the reason that they constitute conclusions of law, rather than allegations of fact, and, therefore, leave Plaintiff to her proofs thereon with a final determination to be made by the Court.

3. In answer to paragraph 3, Defendants neither admit nor deny the allegations contained therein for the reason that they constitute conclusions of law, rather than allegations of fact, and, therefore, leave Plaintiff to her proofs thereon with a final determination to be made by the Court.

4. In answer to paragraph 4, Defendants admit that Madisyn Baldwin attended Oxford High School for a period of time. Defendants neither admit nor deny the remaining allegations contained therein for lack of knowledge upon which to form a belief and, therefore, leave Plaintiff to her proofs.

5. In answer to paragraph 5, Defendants admit that THRONE was employed as the Superintendent for a period of time. Defendants neither admit nor deny the remaining allegations contained therein for lack of knowledge upon which

to form a belief and, therefore, leave Plaintiff to her proofs.

6. In answer to paragraph 6, Defendants admit that WOLF was employed as the Principal of Oxford High School for a period of time. Defendants neither admit nor deny the remaining allegations contained therein for lack of knowledge upon which to form a belief and, therefore, leave Plaintiff to her proofs.

7. In answer to paragraph 7, Defendants admit that EJAK was employed as Dean of Students at Oxford High School for a period of time. Defendants neither admit nor deny the remaining allegations contained therein for lack of knowledge upon which to form a belief and, therefore, leave Plaintiff to her proofs.

8. In answer to paragraph 8, Defendants admit that HOPKINS was employed as a school counselor for a period of time. Defendants neither admit nor deny the remaining allegations contained therein for lack of knowledge upon which to form a belief and, therefore, leave Plaintiff to her proofs.

## GENERAL ALLEGATIONS

9. In answer to paragraph 9, Defendants admit that OCSD administrators and staff received training as to various aspects of school safety. Defendants neither admit nor deny the remaining allegations contained therein for lack of knowledge upon which to form a belief and, therefore, leave Plaintiff to her proofs.

10. In answer to paragraph 10, Defendants admit that OCSD school staff have been educated and trained as to various aspects of school safety. Defendants

neither admit nor deny the remaining allegations contained therein for lack of knowledge upon which to form a belief and, therefore, leave Plaintiff to her proofs.

11. In answer to paragraph 11, Defendants neither admit nor deny the allegations contained therein for lack of knowledge upon which to form a belief and, therefore, leave Plaintiff to her proofs.

12. In answer to paragraph 12, Defendants deny the allegations contained therein for the reason that they are untrue.

13. In answer to paragraph 13, Defendants deny the allegation that the shooting was predictable and preventable for the reason that it is untrue. Defendants neither admit nor deny the remaining allegations contained therein for lack of knowledge upon which to form a belief and, therefore, leave Plaintiff to her proofs.

## **THE EVENTS ON AND BEFORE NOVEMBER 30, 2021**

14. In answer to paragraph 14, Defendants deny the allegations contained therein for the reason that they are untrue.

15. In answer to paragraph 15, Defendants deny the allegations contained therein for the reason that they are untrue.

16. In answer to paragraph 16, Defendants neither admit nor deny the allegations contained therein for lack of knowledge upon which to form a belief and, therefore, leave Plaintiff to her proofs.

17. In answer to paragraph 17, Defendants neither admit nor deny the

allegations contained therein for lack of knowledge upon which to form a belief and, therefore, leave Plaintiff to her proofs.

18. In answer to paragraph 18, Defendants deny the allegations contained therein for the reason that they are untrue.

19. In answer to paragraph 19, Defendants neither admit nor deny the allegations contained therein for the reason that said allegations are incomplete or inaccurate and, therefore, leave Plaintiff to her proofs thereon with a final determination to be made by the Court.

20. In answer to paragraph 20, Defendants neither admit nor deny the allegations contained therein for lack of knowledge upon which to form a belief and, therefore, leave Plaintiff to her proofs.

21. In answer to paragraph 21, Defendants deny the allegations contained therein for the reason that they are untrue.

22. In answer to paragraph 22, Defendants neither admit nor deny the allegations contained therein for lack of knowledge upon which to form a belief and, therefore, leave Plaintiff to her proofs.

23. In answer to paragraph 23, Defendants neither admit nor deny the allegations contained therein for lack of knowledge upon which to form a belief and, therefore, leave Plaintiff to her proofs.

24. In answer to paragraph 24, Defendants neither admit nor deny the

allegations contained therein for lack of knowledge upon which to form a belief and, therefore, leave Plaintiff to her proofs.

25. In answer to paragraph 25, Defendants neither admit nor deny the allegations contained therein for lack of knowledge upon which to form a belief and, therefore, leave Plaintiff to her proofs.

26. In answer to paragraph 26, Defendants neither admit nor deny the allegations contained therein for lack of knowledge upon which to form a belief and, therefore, leave Plaintiff to her proofs.

**November 29, 2021**

27. In answer to paragraph 27, Defendants neither admit nor deny the allegations contained therein for lack of knowledge upon which to form a belief and, therefore, leave Plaintiff to her proofs.

28. In answer to paragraph 28, Defendants neither admit nor deny the allegations contained therein for lack of knowledge upon which to form a belief and, therefore, leave Plaintiff to her proofs.

29. In answer to paragraph 29, Defendants neither admit nor deny the allegations contained therein for lack of knowledge upon which to form a belief and, therefore, leave Plaintiff to her proofs.

30. In answer to paragraph 30, Defendants neither admit nor deny the allegations contained therein for lack of knowledge upon which to form a belief and,

therefore, leave Plaintiff to her proofs.

31. In answer to paragraph 31, Defendants neither admit nor deny the allegations contained therein for lack of knowledge upon which to form a belief and, therefore, leave Plaintiff to her proofs.

32. In answer to paragraph 32, Defendants neither admit nor deny the allegations contained therein for lack of knowledge upon which to form a belief and, therefore, leave Plaintiff to her proofs.

33. In answer to paragraph 33, Defendants neither admit nor deny the allegations contained therein for lack of knowledge upon which to form a belief and, therefore, leave Plaintiff to her proofs.

**November 30, 2021**

34. In answer to paragraph 34, Defendants neither admit nor deny the allegations contained therein for lack of knowledge upon which to form a belief and, therefore, leave Plaintiff to her proofs.

35. In answer to paragraph 35, Defendants neither admit nor deny the allegations contained therein for lack of knowledge upon which to form a belief and, therefore, leave Plaintiff to her proofs.

36. In answer to paragraph 36, Defendants neither admit nor deny the allegations contained therein for lack of knowledge upon which to form a belief and, therefore, leave Plaintiff to her proofs.

37. In answer to paragraph 37, Defendants neither admit nor deny the allegations contained therein for lack of knowledge upon which to form a belief and, therefore, leave Plaintiff to her proofs.

38. In answer to paragraph 38, Defendants neither admit nor deny the allegations contained therein for lack of knowledge upon which to form a belief and, therefore, leave Plaintiff to her proofs.

39. In answer to paragraph 39, Defendants deny the allegations contained therein for the reason that they are untrue.

40. In answer to paragraph 40, Defendants deny the allegations contained therein for the reason that they are untrue.

41. In answer to paragraph 41, Defendants neither admit nor deny the allegations contained therein for lack of knowledge upon which to form a belief and, therefore, leave Plaintiff to her proofs.

42. In answer to paragraph 42, Defendants deny the allegations contained therein for the reason that they are untrue.

43. In answer to paragraph 43, Defendants neither admit nor deny the allegations contained therein for lack of knowledge upon which to form a belief and, therefore, leave Plaintiff to her proofs.

44. In answer to paragraph 44, Defendants neither admit nor deny the allegations contained therein for lack of knowledge upon which to form a belief and,

therefore, leave Plaintiff to her proofs.

45. In answer to paragraph 45, Defendants neither admit nor deny the allegations contained therein for lack of knowledge upon which to form a belief and, therefore, leave Plaintiff to her proofs.

46. In answer to paragraph 46, Defendants neither admit nor deny the allegations contained therein for lack of knowledge upon which to form a belief and, therefore, leave Plaintiff to her proofs.

47. In answer to paragraph 47, Defendants deny the allegations contained therein for the reason that they are untrue.

48. In answer to paragraph 48, Defendants neither admit nor deny the allegations contained therein for lack of knowledge upon which to form a belief and, therefore, leave Plaintiff to her proofs. Defendants neither admit nor deny the allegations contained therein for lack of knowledge upon which to form a belief and, therefore, leave Plaintiff to her proofs.

49. In answer to paragraph 49, Defendants deny the allegations contained therein for the reason that they are untrue.

50. In answer to paragraph 50, Defendants deny the allegations contained therein for the reason that they are untrue.

51. In answer to paragraph 51, Defendant HOPKINS admits that he contacted Ethan Crumbley's mother and asked her to come to the school for a

meeting concerning their son. Defendants deny the remaining allegations contained therein for the reason that they are untrue.

52. In answer to paragraph 52, Defendants admit the allegations contained therein.

53. In answer to paragraph 53, Defendants neither admit nor deny the allegations contained therein for lack of knowledge upon which to form a belief and, therefore, leave Plaintiff to her proofs.

54. In answer to paragraph 54, Defendants deny the allegations contained therein for the reason that they are untrue.

55. In answer to paragraph 55, Defendants neither admit nor deny the allegations contained therein for lack of knowledge upon which to form a belief and, therefore, leave Plaintiff to her proofs.

56. In answer to paragraph 56, Defendants admit that HOPKINS advised he would report the parents if they did not provide E.C. with counseling. Defendants deny the remaining allegations contained therein for the reason that they are untrue.

57. In answer to paragraph 57, Defendants neither admit nor deny the allegations contained therein for lack of knowledge upon which to form a belief and, therefore, leave Plaintiff to her proofs.

58. In answer to paragraph 58, Defendants neither admit nor deny the allegations contained therein for lack of knowledge upon which to form a belief and,

therefore, leave Plaintiff to her proofs.

59. In answer to paragraph 59, Defendants deny the allegations contained therein for the reason that they are untrue.

60. In answer to paragraph 60, Defendants deny the allegations contained therein for the reason that they are untrue.

61. In answer to paragraph 61, Defendants deny the allegations contained therein for the reason that they are untrue and are a misstatement of the cited statute.

62. In answer to paragraph 62, Defendants deny the allegations contained therein for the reason that they are untrue.

63. In answer to paragraph 63, Defendants deny the allegations contained therein for the reason that they are untrue.

64. In answer to paragraph 64, Defendants deny the allegations contained therein for the reason that they are untrue.

65. In answer to paragraph 65, Defendants deny the allegations contained therein for the reason that they are untrue.

66. In answer to paragraph 66, Defendants neither admit nor deny the allegations contained therein for lack of knowledge upon which to form a belief and, therefore, leave Plaintiff to her proofs.

67. In answer to paragraph 67, Defendants admit that Ethan Crumbley criminally assaulted students with a handgun provided to him by his parents.

Defendants neither admit nor deny the remaining allegations contained therein for lack of knowledge upon which to form a belief and, therefore, leave Plaintiff to her proofs.

68. In answer to paragraph 68, Defendants admit that Ethan Crumbley, with criminal intent, shot students and an employee with a gun provided by his parents . Defendants neither admit nor deny the remaining allegations contained therein for lack of knowledge upon which to form a belief and, therefore, leave Plaintiff to her proofs.

69. In answer to paragraph 69(a) – (f), Defendants deny the allegations contained therein for the reason that they are untrue.

## COUNT I

### 14th AMENDMENT "STATE CREATED DANGER" BY DEFENDANTS EJAK AND HOPKINS

70. In answer to paragraph 70, Defendants hereby incorporate by reference their responses contained in paragraphs 1 through 69 inclusive, as if fully set forth herein.

71. In answer to paragraph 71, Defendants deny the allegations contained therein for the reason that they are untrue.

72. In answer to paragraph 72, Defendants neither admit nor deny the allegations contained therein for the reason that they constitute conclusions of law, rather than allegations of fact, and, therefore, leave Plaintiff to her proofs thereon

with a final determination to be made by the Court.

73. In answer to paragraph 73, Defendants deny the allegations contained therein for the reason that they are untrue.

74. In answer to paragraph 74, Defendants deny the allegations contained therein for the reason that they are untrue.

75. In answer to paragraph 75, Defendants deny the allegations contained therein for the reason that they are untrue.

76. In answer to paragraph 76, Defendants deny the allegations contained therein for the reason that they are untrue.

77. In answer to paragraph 77, Defendants deny the allegations contained therein for the reason that they are untrue.

WHEREFORE, Defendants, OXFORD COMMUNITY SCHOOLS, TIMOTHY THRONE, STEVEN WOLF, NICHOLAS EJAK and SHAWN HOPKINS, respectfully request that this Honorable Court enter an order of no cause of action as to Defendants, together with costs and attorney fees so wrongfully sustained.

## COUNT II

### *MONELL* LIABILITY OF OCSD UNDER 42 U.S.C. §1983

78. In answer to paragraph 78, Defendants hereby incorporate by reference their responses contained in paragraphs 1 through 77 inclusive, as if fully set forth

herein.

79. In answer to paragraph 79(a) – (g), Defendants deny the allegations contained therein for the reason that they are untrue.

80. In answer to paragraph 80, Defendants deny the allegations contained therein for the reason that they are untrue.

WHEREFORE, Defendants, OXFORD COMMUNITY SCHOOLS, TIMOTHY THRONE, STEVEN WOLF, NICHOLAS EJAK and SHAWN HOPKINS, respectfully request that this Honorable Court enter an order of no cause of action as to Defendants, together with costs and attorney fees so wrongfully sustained.

## COUNT III

### GROSS NEGLIGENCE BY DEFENDANTS THRONE, WOLF, EJAK AND HOPKINS

81. In answer to paragraph 81, Defendants hereby incorporate by reference their responses contained in paragraphs 1 through 80 inclusive, as if fully set forth herein.

82. In answer to paragraph 82, Defendants neither admit nor deny the allegations contained therein for the reason that they constitute conclusions of law, rather than allegations of fact, and, therefore, leave Plaintiff to her proofs thereon with a final determination to be made by the Court.

83. In answer to paragraph 83(a) – (d), Defendants deny the allegations contained therein for the reason that they are untrue.

WHEREFORE, Defendants, OXFORD COMMUNITY SCHOOLS, TIMOTHY THRONE, STEVEN WOLF, NICHOLAS EJAK and SHAWN HOPKINS, respectfully request that this Honorable Court enter an order of no cause of action as to Defendants, together with costs and attorney fees so wrongfully sustained.

/s/TIMOTHY J. MULLINS
GIARMARCO, MULLINS & HORTON, PC
Attorney for Defendants

DATED: August 10, 2022

## **AFFIRMATIVE DEFENSES**

Defendants, OXFORD COMMUNITY SCHOOLS, TIMOTHY THRONE, STEVEN WOLF, NICHOLAS EJAK and SHAWN HOPKINS, by and through their attorneys, GIARMARCO, MULLINS & HORTON, P.C., state their Affirmative Defenses as follows:

1. Defendants deny that they breached any duties and, further, deny that they were negligent in any manner. Defendants affirmatively state that they were guided by and strictly observed all legal duties and obligations imposed by operation of law and otherwise. Further, all actions of their agents, servants and/or employees were careful, prudent, proper and lawful.

2. Plaintiff has failed to state a claim or cause of action against these Defendants as to which relief can be granted as prayed.

3. Defendants will show and rely upon at the time of trial that any injury or damage complained of by Plaintiff was proximately caused by third persons not under the control of these Defendants.

4. Defendants will show and rely upon at the time of trial that at all times pertinent hereto, Defendants were engaged in the performance of governmental functions and, therefore, are statutorily immune from suit for civil damages for this claim pursuant to the principles of governmental immunity as set forth in case law and the statutes of this State, the Constitutions of the State and Federal Government and the statutes promulgated thereunder.

5. Plaintiff's claims are barred by the doctrine of preemption.

6. Defendants will show at the time of trial that all actions or communications complained of in Plaintiff's Complaint were absolutely or qualifiedly privileged pursuant to the Constitutions, statutes and common law of the State of Michigan and of the United States and, further, that Defendants are both statutorily immune and the claims as to the Defendants are also barred by qualified immunity.

7. Defendants are not liable to Plaintiff for the criminal, assaultive acts of third parties.

8. This Court lacks jurisdiction over the subject matter of Plaintiff's Complaint.

9. Plaintiff's claims are barred and/or precluded by the doctrine of res judicata and/or collateral estoppel.

10. Plaintiff's claim is barred by the Michigan Revised School Code.

11. Plaintiff's Complaint is conclusory in nature and fails to state a claim and sufficient facts upon which relief can be granted.

12. Defendants will show that Plaintiff has failed to prove any deprivation of a Federal right, nor has Plaintiff alleged or proven an act of deprivation taken under color of law sufficient to maintain an action based upon the Fourteenth Amendment or 42 USC §1983, § 1988 or the U.S. or Michigan constitutions or statutes promulgated thereunder.

13. Plaintiff has failed to mitigate her damages.

14. Plaintiff's Complaint is barred by the provisions of the Eleventh Amendment.

15. Plaintiff's claim is barred by claim and issue preclusion.

16. Plaintiff's claims against Defendants failed because Plaintiff cannot show that Defendants acted with deliberate indifference regarding Plaintiff's allegations of injury.

17. Defendants have not violated any clearly established constitutional or statutory right.

18. As a matter of law, OXFORD COMMUNITY SCHOOLS cannot be held vicariously liable for its employees' actions.

19. Plaintiff's claim fails as a matter of law and fact because Defendants were not required to protect Plaintiff from the violence or other mishaps that are not directly attributable to the conduct of its employees.

20. Defendants will show and rely upon at the time of trial that Plaintiff had a preexisting medical condition which is a contributing proximate cause of the injuries complained of.

21. Plaintiff's claims are barred by qualified immunity.

22. Plaintiff's claims are barred by statutory governmental immunity under the Governmental Tort Liability Act (GTLA).

23. Plaintiff's claims are barred by immunity granted by state and federal statutes.

24. Plaintiff's claims are barred by the doctrine of Legislative immunity.

25. Plaintiff's claim against Defendants are barred by the Public Duty Doctrine.

26. Defendants reserve the right to amend their Answer, including additional affirmative defenses, upon completion.

/s/TIMOTHY J. MULLINS
GIARMARCO, MULLINS & HORTON, PC
Attorney for Defendants

DATED: August 10, 2022

## RELIANCE UPON JURY DEMAND

Defendants, OXFORD COMMUNITY SCHOOLS, TIMOTHY THRONE, STEVEN WOLF, NICHOLAS EJAK and SHAWN HOPKINS, by and through their attorneys, GIARMARCO, MULLINS & HORTON, P.C., hereby rely upon the jury demand previously filed by Plaintiffs as to all issues of trial.

/s/TIMOTHY J. MULLINS
GIARMARCO, MULLINS & HORTON, PC
Attorney for Defendants

DATED: August 10, 2022

## CERTIFICATE OF ELECTRONIC SERVICE

TIMOTHY J. MULLINS states that on August 10, 2022, he did serve a copy of the **Answer, Affirmative Defenses and Reliance Upon Jury Demand** via the United States District Court electronic transmission.

/s/TIMOTHY J. MULLINS
GIARMARCO, MULLINS & HORTON, PC
Attorney for Defendants
101 W. Big Beaver Road, 10th Floor
Troy, MI 48084-5280
(248) 457-7020
tmullins@gmhlaw.com
P28021