UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NICOLE BEAUSOLEIL, Personal Representative of the Estate of Madisyn Baldwin, deceased,
Plaintiff,

No. 22-cv-11250

Hon. Mark A. Goldsmith

-v-

OXFORD COMMUNITY SCHOOL DISTRICT;
NICHOLAS EJAK, in his individual capacity;
SHAWN HOPKINS, in his individual capacity;
jointly and severally,
Defendants.

_______________________________________/

**REPORT OF GUARDIAN AD LITEM FOR MINOR INDIVIDUALS PAYTON BALDWIN, LIAM REEVES, and BRINLEY BALDWIN**

I, the undersigned, duly appointed Guardian Ad Litem for minor individuals, Payton Baldwin, Liam Reeves, and Brinley Baldwin do accept the Trust imposed on me as Guardian Ad Litem and do hereby render my report with respect to said appointment which has been filed in this matter, and to state in relation thereto as follows:

Pursuant to an order dated October 14, 2026, I have been appointed Guardian Ad Litem to protect the interests of Payton Baldwin, Liam Reeves, and Brinley Baldwin, three minor individuals in this matter. Before the Court is Plaintiff's Motion to Approve Settlement of a Wrongful Death Case and Allow Distribution of Proceeds. The three minor individuals are

Decedent's surviving siblings and heirs and interested parties under Michigan's Wrongful Death Act, MCL 600.2922. (3)(a).

The Motion seeks to settle this case for the amount of $500,000. Plaintiff's counsel has offered to reduce his 20% contingency fee (after reimbursement of costs) to allow the net proceeds available to the beneficiaries of the settlement to equal $400,000. The proposed distribution provides for the payment of $150,000 to each of the two long-term separated parents of the minor decedent, and the sum of $100,000 divided equally between the three minor siblings of the decedent. The motion seeks to fund each of the minor siblings' shares in structured settlements: Peyton Baldwin would receive 4 equal annual payments of $9568.35 commencing on her 18th birthday November 22, 2028; Liam Reeves would receive 4 equal annual payments of $12,007.95 beginning on his 18th birthday on April 29, 2033; Brinley Baldwin would receive three separate lump sum payments commencing on her 18th birthday. Those payments would include $15,000 on July 15, 2036, $20,000 on July 15, 2039, and $31,933.30 on July 15, 2043.

To assist the court, I have consulted with Plaintiff's counsel and both custodial parents of the minor individuals. Further, I have reviewed multiple pleadings in this matter, relevant Michigan Statutes, Protective Orders regarding the minor siblings, and the proposed structured settlement records.

I report to the court as follows:

A. The settlement amount of $500,000 is very fair and appropriate. As this court is aware, the 6th Circuit Court of Appeals granted qualified immunity to the defendants in related litigation to this case. This settlement was reached prior to that decision. If not for this

settlement, the plaintiff in this action would have received no recovery.

B. The contingent fee agreement is fair and equitable. Plaintiff counsel's initial 20% contingent fee agreement is well below the statutory maximum of 33 1/3%. Further, plaintiff's counsel has voluntarily agreed to assume all costs.

C. The minor individuals' share of settlement proceeds is reasonable. Each parent receives 37.5% of the settlement proceeds. The three minor siblings are sharing 25%. It is the opinion of this guardian ad litem that no parent should have to suffer through the death of their minor child. Each of the minor siblings of the decedent were fairly young at the time of her death. Payton was nine years old, Liam was six, and Brinley was three. Additionally, each of the three minor individuals are currently the sole heirs of their parents.

D. The proposed structured settlements are appropriate. Both Payton and Liam will receive relatively modest sums commencing on their 18th birthdays and continuing for four years. This structure will allow them to gradually receive money for their education or further training at a time of need. Additionally, their mother is experienced in financial services and will be able to assist them in investing wisely. Each of these two children has existing educational funds that have been set up by their mother. 8-year-old Brinley will receive larger sums of money when she is 18 years old, 21, and 25. These distributions will also help her at a time of need as she transitions from a high school student to a young adult. All three of these structured settlements have been approved by their custodial parents.

E. It is my recommendation that Plaintiff's Motion to Approve Settlement of a Wrongful Death Case and to Allow Distribution of Proceeds should be granted as requested in full.

I HEREBY DECLARE UNDER PENALTY OF PERJURY THAT I HAVE READ THE FOREGOING REPORT OF GUARDIAN AD LITEM BY ME SUBSCRIBED AND THAT THE MATTERS CONTAINED THEREIN ARE TRUE TO THE BEST OF MY INFORMATION, KNOWLEDGE AND BELIEF.

Respectfully submitted,

MARC L. SHREEMAN (P-39629)
Limited Guardian Ad Litem
26999 Central Park Blvd., Ste. 150
Southfield, MI 48076
(248) 352-4100

Dated: October 21, 2026